brought in any court of the territory upon any promissory note, bond, bill or other instrument of writing, made payable to, or by any corporate body, by their corporate name, or any association of individuals, by their associate name, or partners trading together, under their partnership name and style, it shall only be necessary to prove the corporate, associate or partnership name and style, without proving the name of the individuals who compose the same, &c. " On the trial, the partnership name and style of the firm was proved, but not the names of the individuals composing the same. Judgment was rendered for the plaintiff below, and thereupon a bill of exceptions was tendered and the case brought to this court.

The case was submitted to the Supreme Court without argument.

---

## Abel Inghram *vs.* Dooley, et al.

### *Error to Van Buren.*

Where a statute changes the practice, all subsequent proceedings in cases then pending must be in accordance with such statute.

The act of this territory dispensing with the necessity of proving the signature of notes, bonds, &c., unless such signature had previously been denied under oath, operates upon cases previously commenced and even upon those where the issue had been previously joined.

This action was brought upon a sealed note given by defendants to the plaintiff. After the suit was commenced, and before the trial, an act of the legislature, prohibited any defendant from denying, on trial, the execution of any instrument on which the action was brought, unless he had previously filed his affidavit, denying the same, (Laws of Iowa, 373.) No such denial under oath had been made, and on the trial the defendants objected to the reception of the notes in evidence until the signatures were proved, upon the ground that the issue having been joined previous to the passage of the act refered to, the proceedings on the trial should not in this respect be governed by that statute. The court sustained this objection, and thereupon a bill of exceptions was tendered.

Upon examining the record, however, it appears that the issue was not joined until after the passage of the statute above refered to, but from the following decision it appears that this circumstance was wholly immaterial.

J. D. LEARNED, counsel for plaintiff, contended that the statute referred to applied exclusively to the manner of enforcing the remedy, and did not in the least effect the contract or the rights of parties under it, and therefore was to regulate the practice in this particular in all trials subsequent to its enactment.

RORER, for defendants, insisted that the change in the practice could not effect cases then pending, and in support of that position cited Miller et. al., vs. Dennett, 6 N. Hamp. Rep. 109; the Society vs. Wheeler, 2 Gallison Rep. 139; Calder vs. Bull, 3 Dallas Rep. 388; Waggart vs. Winnich 3 N. Hamp. Rep. 437; Dow vs. Norris, 4 ib. 19; Battelle vs. King. 12 Mass Rep. 537.

PER CURIAM, WILSON, JUSTICE.—The decision of the court below was given upon a mistaken state of facts. The first objection is, that the court refused to admit the writing obligatory upon which the suit was brought, to be read in evidence to the jury, under the provisions of the statute of Iowa, approved, January 4th, 1839, because the issue upon the pleadings filed in said cause had been made up previous to the passage of the said act, but required proof of the signature of the said writing obligatory. We find from an examination of the record in the case that the defendant's plea was not pleaded, nor was issue joined until April term 1839. The statute referred to, authorizing the consideration

of all bills, promissory notes, bonds, &c., as *prima facie* evidence of their execution, and requiring the party denying the same to make such denial under oath, took effect on the first of March, 1839—previous to the issue being joined. This statute being in force, the plaintiff was entitled to the benefit of it, and the court below erred in requiring the signature of the note to be proved.

But to take the facts as presented by the bill of exceptions, we see nothing to distinguish the principle which would then be involved, from that which controlled the decision in the case of Ballard vs. Ridgley & Billon, decided at the present term of this court. The statute alluded to, merely lays down a rule of evidence, and relates solely to the remedy, and therefore if the suit were commenced and the issue joined previous to the enactment of this statute, still the proceedings at the trial should have been governed by that statute, which had then taken effect. The statute changes only the practice.

Judgment below reversed, and cause remanded to court below for further proceedings not inconsistent with this decision.